# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY HUMPHREY, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| CREDITORS SOLUTION, INC. | ) |
| Defendant . | ) |

## COMPLAINT

COMES NOW, Plaintiff, RODNEY HUMPHREY, by and through his attorneys, and for his Complaint, states as follows:

## JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Rodney Humphrey is a natural person who resides in the City of East Stroudsburg, County of Monroe, state of Pennsylvania, and is a consumer as that term is defined by 15 U.S.C. §1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§1692k(a).

5. Defendant Creditors Solution, Inc. is a collection agency operating from an address of 213 Jeff Davis Place, Suite 102, Fayetteville, Georgia 30214, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation in the amount of $782.32 (the "debt") that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

7. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

8. Plaintiff filed a Chapter 7 bankruptcy petition on November 23, 2020.

9. The debt was subject to this Chapter 7 bankruptcy as it arose, if at all, prior to the filing of the petition.

### *Repeated Illegal Contacts*

10. Following the bankruptcy filing, up to and including February 15, 2021, Defendant contacted Plaintiff by mail, phone, and e-mail in an effort to collect this debt which was subject to bankruptcy protection.

11. Defendant contacted Plaintiff several times via telephone, which he did not pick up. These were "communications" as defined by 15 U.S.C. §1692a(2).

12. When Plaintiff spoke with Defendant, he informed Defendant that he was not aware of the debt and that it was not his debt. Plaintiff also informed Defendant that he was in bankruptcy and was represented by an attorney.

13. Defendant sent Plaintiff a letter on February 15, 2021 in an attempt to collect the debt, which is a "communication" as defined by 15 U.S.C. §1692a(2).

14. Among other things, these communications were false and misleading as they represented that Plaintiff owed this debt, when in fact, the debt was subject to the Chapter 7 bankruptcy.

15. Under 15 U.S.C. § 1692f(1), it is unfair and unconscionable for Defendant to attempt to collect this debt, when federal law does not permit

the collection of such a debt and the debt is subject to the automatic stay of 11 U.S.C. § 362 issued by the federal bankruptcy court.

16. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(6), 1692c(a)(2), 1692c(c), 1692d(5), 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), and 1692f(1).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. 15 U.S.C. § 1692c(a)(2) prohibits communications with a consumer if the debt collector knows the consumer is represented by an attorney.

19. Defendant violated Section 1692c(a)(2) by continuing to communicate directly with Plaintiff even after Plaintiff told them to stop.

20. 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

21. Defendant violated Section 1692d by continuing to attempt to collect a debt subject to a Chapter 7 bankruptcy.

22. 15 U.S.C. § 1692e(2) prohibits making false representations about a debt.

23. Defendant violated Section 1692e(2) by representing that it was entitled to payment, and demanding payment from Plaintiff on a debt subject to Chapter 7 bankruptcy.

24. 15 U.S.C. § 1692e(7) prohibits making false representations that "the consumer committed any crime or other conduct in order to disgrace the consumer."

25. Defendant violated Section 1692e(7) by representing to Plaintiff that he was obligated to pay Defendant on this debt in order to disgrace Plaintiff and deny him the "fresh start" to his financial life promised by the federal bankruptcy code.

26. 15 U.S.C. § 1692e(8) prohibits communicating false information about a debt.

27. Defendant violated Section 1692e(8) by repeatedly communicating to Plaintiff that he owed a debt to Defendant even though Plaintiff had no such obligation.

28. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. Defendant violated Section 1692e(10) by sending false and deceptive

communications demanding payment for the debt in order to deceive Plaintiff into paying on a defaulted and discharged debt.

30. 15 U.S.C. §§ 1692f and 1692f(1) prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

31. Defendant violated Sections 1692f and 1692f(1) by attempting to collect a defaulted debt from Plaintiff which was subject to Chapter 7 bankruptcy, and which may not be collected under federal law.

32. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff.

33. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

34. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

   **WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff; and
- for such other and further relief as may be just and proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

38. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt, which actions invaded Plaintiff's privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. Plaintiff was extremely frustrated, upset, and angry that Defendant continued to illegally attempt to collect this debt and Plaintiff felt that he had been denied his right to be free of post-bankruptcy collection harassment and to the financial fresh start as promised by the federal bankruptcy code.

41. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant.

Respectfully submitted,

s/ Patrick J. Best, Esq.
Patrick J. Best
18 N. 8th St.
Stroudsburg PA 18360
570-420-7431
Fax: 484-544-8625

/s/ Joshua B. Goldberg, Esq.
Joshua B. Goldberg
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899
Fax: 484-544-8625