IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY HUMPHREY,<br><br>      **Plaintiff**<br><br>v.<br><br>CREDITORS SOLUTION, INC.,<br>CREDITORS SOLUTIONS<br>RECOVERY, INC.; ERICA GOODLEY;<br>MALACHI KIRBY; BILLY KIRBY; and<br>REGINALD GREENE<br><br>      **Defendants** | 3:21-CV-1509<br>(JUDGE MARIANI) |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Plaintiff Rodney Humphrey's Motion for Default Judgment (Doc. 16). For the reasons discussed below, the Court will grant Plaintiff's motion.

On September 1, 2021, Plaintiff filed a Complaint against Creditors Solution, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I) and Invasion of Privacy by Intrusion upon Seclusion (Count II). (Doc. 1). On February 3, 2022, Plaintiff filed an Amended Complaint, naming as defendants Creditors Solution, Inc., Creditors Solution Recovery, Inc., Erica Goodley, Malachi Kirby, Billy Kirby, and Reginald Greene, and alleging violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* (Count I) and Invasion of Privacy by Intrusion upon Seclusion (Count II) against all defendants. (Doc. 4).

The record demonstrates that the summons were returned executed as to each defendant (Docs. 6-11), but no attorney has entered an appearance on behalf of any defendant nor has any defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on June 3, 2022, Plaintiff filed a Motion for Default (Doc. 14) pursuant to Federal Rule of Civil Procedure 55. The Clerk of Court entered default against the defendants that same day. (Doc. 15).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984).

"Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

### A. The Entry of Default Judgment

Here, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. In light of the lack of any response or action on the part of the defendants, the Court must accept the following key factual allegations as true:

> Plaintiff allegedly incurred a financial obligation in the amount of $782.32 (the "debt") that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
>
> Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.
>
> Plaintiff filed a Chapter 7 Bankruptcy Petition on November 23, 2020.
>
> Following the bankruptcy filing, up to and including February 15, 2021, Defendants contacted Plaintiff by mail, phone, and e-mail in an effort to collect this debt which was subject to Bankruptcy protection. Defendants contacted Plaintiff several times via telephone, which he did not pick up. These were "communications" as defined by 15 U.S.C. §1692a(2).

3

> When Plaintiff spoke with Defendants, he informed Defendants that he was not aware of the debt and that it was not his debt. Plaintiff also informed Defendants that he was in bankruptcy and was represented by an attorney.
>
> Defendants sent Plaintiff a letter on February 15, 2021, in an attempt to collect the debt, which is a "communication" as defined by 15 U.S.C. §1692a(2).
>
> Among other things, these communications were false and misleading as they represented that Plaintiff owed this debt, when in fact, the debt was subject to the Chapter 7 Bankruptcy.

(Doc. 4 at ¶¶ 11-19).

In considering the factors necessary to decide whether default judgement is appropriate, the Court first notes that the record demonstrates that the summons were returned executed as to each defendant (Docs. 6-11). Since that time, no defendant has filed any pleading or performed any other action to otherwise defend the case. The Clerk of Court thus entered default against the defendants on June 3, 2022. (Doc. 15).

With respect to the prejudice to Humphrey if default is denied, this factor weighs in favor of the plaintiff. Absent the default judgment, the plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication of his claims and is left with no alternative means to vindicate his claims against the defaulting parties, including obtaining the damages he alleges that he is owed.

As to whether the defendants appear to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete

4

defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, none of the defendants have filed an answer or performed any other action to defend the case or set forth any meritorious defenses. Further, upon review of the factual allegations which this Court must accept as true, the current record does not reveal one or more possible defenses which may constitute a complete defense in this action.

The third factor, whether defendants' delay is due to culpable conduct, also weighs in favor of Humphrey. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendants, each have been on notice of this action since, at the latest, February of 2022, when they were each served with their summons via certified mail, return receipt requested. (*See* Docs. 6-11).[1] Thus, the defendants have failed to respond or take any other action to defend this lawsuit for over 8 months. At minimum, this lack of action amounts to deliberate and willful conduct.

Therefore, default judgment will be entered against Creditors Solution, Inc., Creditors Solution Recovery, Inc., Erica Goodley, Malachi Kirby, Billy Kirby, and Reginald Greene.

---

[1] Plaintiff included the signed green card as to each Defendant as an attachment to the Proofs of Service. (*See* Docs 6-11).

## B. Damages

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2).

Plaintiff's Motion for Default Judgment requests an award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2). (Doc. 16, ¶ 19). Section 1692k(a) provides that, subject to exceptions not applicable in the present action,

> . . . any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

15 U.S.C. § 1692k(a). In determining the amount of liability under subsection (a), a court "shall consider, among other relevant factors . . . in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional". *Id.* at § 1692k(b).

Here, Plaintiff's Amended Complaint alleges that the defendants contacted Plaintiff by mail, several times by telephone, and by e-mail "in an effort to collect [a] debt which was subject to Bankruptcy protection." Plaintiff further alleges that when he spoke with the

6

defendants, he informed them "that he was not aware of the debt and that it was not his debt" and that he was in bankruptcy and was represented by an attorney. Plaintiff asserts that "[a]mong other things, these communications [by Defendants] were false and misleading as they represented that Plaintiff owed this debt, when in fact, the debt was subject to the Chapter 7 Bankruptcy." (*See* Doc. 4 at ¶¶ 11-19). These allegations, and the record before this Court, lead to a conclusion that Defendants' repeated contact of Plaintiff, including through mail, e-mail, and telephone, despite Plaintiff informing Defendants of his bankruptcy proceedings, represents recurring intentional noncompliance with the FDCPA. Therefore, the Court will award Plaintiff the statutory maximum $1,000 in damages.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Plaintiff Rodney Humphrey's Motion for Default Judgment (Doc. 16) and enter default judgment in the amount of $1,000.

Robert D. Mariani
United States District Judge

---

[2] Section 1692k(a)(3) empowers a court to award a plaintiff who prevails on an FDCPA claim "the costs of the action, together with a reasonable attorney's fee as determined by the court" 15 U.S.C. § 1692k(a)(3). Here, although Plaintiff's Amended Complaint requests "an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)" (Doc. 4, at 8), Plaintiff's motion for default judgment does not set forth any request for attorney's fees and costs or include any documents to support such a request.